UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION
Civil Action No. ___-CV-464-BO(3)

FILED
JUL 05 2002
DAVID W. DANIEL, CLERK
US DISTRICT COURT, EDNC
BY ___ DEP. CLK

| | |
|---|---|
| ANDREW W. GHOLSON, )<br>    Plaintiff, )<br> )<br>            v. )<br> )<br>NORTH CAROLINA STATE UNIVERSITY & )<br>THE STATE OF NORTH CAROLINA, )<br>    Defendants. )<br>_____) | PETITION FOR REMOVAL OF<br>CIVIL ACTION 02 CVS 007125<br>FROM WAKE SUPERIOR COURT |

TO: The United States District Court for
the Eastern District of North Carolina, Raleigh Division.

Pursuant to 28 U.S.C. §§ 1441(a) and (b), Defendants petition for removal of Civil Action 02 CVS 009125 from the Superior Court of North Carolina, Wake County, to this Honorable Court. In support of the petition, Defendants show the Court the following:

1.  On or about 31 May 2002 Plaintiff filed in the North Carolina Superior Court of Wake County a civil action against Defendants, file # 02 CVS 007125.

2.  The first service of the complaint on any Defendant was 5 June 2002. Thus, this petition is timely. 28 U.S.C. § 1446(b).

3.  The complaint purports to allege three causes of action, two of which arise under federal law. See Complt. ¶¶ 19-22 (alleging violation of ADEA), and ¶¶ 23-27 (alleging violation of the Title VII of the Civil Rights Act of 1964,

as amended).

4. Because Plaintiff purports to bring claims arising under federal law, this Court has original jurisdiction over those claims. 28 U.S.C. § 1331.

5. Because those claims are within this Court's original jurisdiction, this action may be removed to this Court. 28 U.S.C. §§ 1441(a) & (b).

6. Copies of all process and pleadings in possession of Defendants' counsel are attached to this petition, as Exhibit A. Defendants are also filing, in this Court and in the Superior Court of North Carolina, Wake County, formal notice of this petition for removal, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants ask that Civil Action 02 CVS 002524, be removed from the Superior Court of North Carolina, Wake County, to the United States District Court for the Eastern District of North Carolina, Raleigh Division.

Respectfully submitted this 5 day of July, 2002.

ROY COOPER
Attorney General

Thomas O. Lawton III
Assistant Attorney General
Education Section
N.C. Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602-0629
Telephone: (919) 716-6920
Facsimile: (919) 716-6764
N.C. Bar No. 19690

**CERTIFICATE OF SERVICE**

I certify that the foregoing PETITION FOR REMOVAL was served on counsel for plaintiff by depositing a copy in the United States mail, first-class postage prepaid, addressed to:

> Joy Rhynne Webb
> Browne, Flebotte, Wilson & Horn
> P.O. Box 2247
> Durham, N.C. 27702-2247

This 5 day of July, 2002.

Thomas O. Lawton III

| STATE OF NORTH CAROLINA | | 02CV007125 |
|---|---|---|
| Wake County | JUN 1 | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff<br>Andrew W. Gholson | |
|---|---|
| Address | **CIVIL SUMMONS** |
| City, State, Zip | |
| VERSUS | G.S. 1A-1, Rules 3, 4 |
| Name Of Defendant(s)<br>North Carolina State University and<br>The University of North Carolina | ☐ Alias and Pluries Summons |
| | Date Last Summons Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| The University of North Carolina<br>c/o Leslie J. Winner, Process Agent<br>Vice President and General Counsel<br>Office of the President<br>Post Office Box 2688<br>Chapel Hill, North Carolina 27515-2688 | North Carolina State University<br>c/o Mary Elizabeth Kurz, Process Agent<br>Vice Chancellor and General Counsel<br>Office of Legal Affairs<br>Campus Box 7008<br>Raleigh, North Carolina 27695-7008 |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)<br>Joy Rhyne Webb<br>Browne, Flebotte, Wilson & Horn, P.L.L.C.<br>P. O. Box 2247<br>Durham, NC 27702-2247 | Date Issued<br>MAY 3 1 2002 | Time<br>3:12 ☐ AM ☒ PM |
|---|---|---|
| | Signature<br>P. Ned | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ **ENDORSEMENT**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended thirty (30) days. | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**EXHIBIT A**

AOC-CV-100

Case 5:02-cv-00464-BO   Document 2   Filed 07/05/02   Page 4 of 16

| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| COUNTY OF WAKE | FILE NO: |

02CV007125

| ANDREW W. GHOLSON, | ) | |
| | ) | |
| Plaintiff, | ) | COMPLAINT |
| | ) | (JURY TRIAL REQUESTED) |
| v. | ) | |
| | ) | |
| NORTH CAROLINA STATE | ) | |
| UNIVERSITY and THE | ) | |
| UNIVERSITY OF NORTH | ) | |
| CAROLINA, | ) | |
| | ) | |
| Defendants. | ) | |

NOW COMES Plaintiff, Andrew W. Gholson, by and through undersigned counsel and complains of Defendants North Carolina State University and the University of North Carolina as follows:

1. Plaintiff is a resident and citizen of Wake County, North Carolina.

2. Defendant North Carolina State University (hereinafter "NCSU") is a constituent institution of the University of North Carolina, created and operating pursuant to the laws of the State of North Carolina, and located in the city of Raleigh, county of Wake, North Carolina.

3. Defendant the University of North Carolina is a body politic and is incorporated under the laws of the State of North Carolina.

4. Andrew Gholson is an African-American male and is blind in one eye and has a malignant staggering in his eyes.

1

5. Based upon information and belief, Plaintiff Andrew Gholson was regarded by Defendants as having a physical impairment that substantially limited one or more of his major life activities.

6. Plaintiff, Andrew W. Gholson began his employment with NCSU on or about February 1, 1976. At the time his employment with NCSU was terminated in August 2001, Plaintiff Gholson was employed as an Agriculture Research Assistant III at the Lake Wheeler Road Field Laboratory.

7. In or about March 1996, Plaintiff Andrew Gholson filed an internal grievance with NCSU alleging discriminatory treatment on the basis of his race. A grievance hearing before a university hearing panel was held on August 20, 1996, and the hearing panel concluded that Gholson had failed to prove racial discrimination.

8. Plaintiff Andrew Gholson received "very good" overall ratings on his last two performance evaluations prior to his termination in August 2001.

9. Plaintiff Andrew Gholson received no written warnings during his twenty-five years of employment with NC State University.

10. Plaintiff Andrew Gholson was not given the same variety of job assignments as other Agricultural Research Assistants at the Lake Wheeler Road Field Laboratory. Plaintiff Gholson was primarily assigned the responsibility of mowing and cutting grass. Gholson did perform other job tasks but unlike other employees at the Lake Wheeler Road Field Laboratory, he spent the vast majority of his time cutting and mowing grass.

11. Based upon information and belief, Plaintiff was not given the same varied job tasks as other Agricultural Research Assistants because he was perceived by Defendants as having a disability which prevented him from doing a wide variety of tasks.

12. In or around Spring of 2001 and at various other times, Plaintiff complained that he was not allowed to operate the motorgrader. Sandy Kea demonstrated to Gholson how to start and stop the motorgrader and showed him what each lever on the motorgrader operated. Since it appeared that it was going to start raining, Gholson did not have an opportunity to operate the motorgrader on the day he was given a demonstration of its operation and was never allowed another opportunity to use the motorgrader during his employment with NCSU.

13. Plaintiff Andrew Gholson arrived at work on July 25, 2001 at approximately 7:45 a.m. and went to the roll-up door of the woodshop to determine if Wayne Holder was there. Plaintiff Andrew Gholson went to the office and asked Wayne Holder if he could use a state truck to go to the Human Resources office to file a grievance. Initially, Wayne Holder told Andrew Gholson that he could not use a state vehicle to go to Human Resources to file a grievance but came back about 25 minutes later and told Plaintiff Gholson that he could use a state vehicle to go file a grievance. Plaintiff Gholson went to Human Resources to file a grievance.

14. Based upon information and belief, after Plaintiff was on his way to the Human Resources office on July 25, 2001, the Human Resources office was notified by the secretary for Kenneth Snyder, the superintendent of the Lake Wheeler Road Laboratory, that Andrew Gholson was coming to their office to file a grievance and that there was a suspicion that he had been drinking alcohol.

3

15. Plaintiff Gholson did not actually file a grievance on July 25, 2001, but he did talk to someone in the Human Resources office and received a grievance form to use to file a grievance. Plaintiff Gholson left the Human Resources office and stopped by a Porta-John. Campus police knocked on the door of the Porta-John and asked Plaintiff Gholson to come outside. He complied and accompanied the campus police officers to the state owned truck he had driven to the Human Resources office. Plaintiff Gholson was given a breathalyzer test and other field sobriety tests. Plaintiff Gholson consented to the breathalyzer because he did not believe he had anything to hide. Plaintiff Gholson was arrested for driving while impaired.

16. Petitioner Andrew Gholson was subsequently acquitted of this driving while impaired charge.

17. Plaintiff Andrew Gholson's employment with NCSU was terminated effective August 2, 2001 for alleged unacceptable personal conduct, for allegedly reporting to work while under the influence of alcohol and driving a state owned pickup truck while under the influence of alcohol.

18. All prerequisite proceedings with the Equal Employment Opportunity Commission have been completed and Notice of Right to Sue was issued to Plaintiff on March 5, 2002.

## FIRST CAUSE OF ACTION

## DISABILITY DISCRIMINATION

19. The allegations set forth in Paragraphs 1 through 18 of this Complaint are re-alleged in this Cause of Action as is set out in their entirety herein.

20. The actions of Defendants in terminating Plaintiff's employment because of his perceived disability and in harassing him and subjecting him to different terms and conditions of employment because Plaintiff was perceived to be disabled are violative of Plaintiff's rights under the Americans with Disabilities Act.

21. Plaintiff is entitled to recover an amount in excess of $10,000.00 in compensatory damages for Defendants' violation of the Americans with Disabilities Act.

22. The actions of Defendants were malicious and with reckless indifference to Plaintiff's rights, and by reason thereof, Plaintiff is entitled to punitive damages in an amount in excess of $10,000.00 for Defendants' violation of the Americans with Disabilities Act.

## SECOND CAUSE OF ACTION

### RETALIATION

23. The allegations set forth in Paragraphs 1 through 22 of this Complaint are realleged in this cause of action as if set out in their entirety herein.

24. The actions of the Defendants, by and through their agents and employees, by terminating Plaintiff's employment, failing to give Plaintiff the same varied job responsibilities as other similarly situated employees, and reporting Plaintiff to the Campus Police as possibly being under the influence of alcohol on July 25, 2001, among other things, were done in retaliation for him complaining of racial discrimination and filing a grievance regarding racial discrimination in 1996.

25. The actions of the Defendants, by and through the Defendants' agents and employees and the Defendants' failure to prevent or to stop the acts of retaliation, are violative of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended.

5

26. Plaintiff is entitled to recover an amount in excess of $10,000.00 in compensatory damages for Defendants' violation of Title VII.

27. The actions of Defendants were malicious and with reckless indifference to Plaintiff's rights, and by reason thereof, Plaintiff is entitled to punitive damages in an amount in excess of $10,000.00 for Defendants' violation of Title VII.

## THIRD CAUSE OF ACTION

## WRONGFUL DISCHARGE

28. The allegations set forth in Paragraphs 1 through 27 of this Complaint are realleged in this cause of action as if set out in their entirety herein.

29. The North Carolina Equal Employment Practices Act, N.C. Gen. Stat. §§ 143-422.1 - 143-422.3, establishes that it is the public policy of the State of North Carolina to protect and safeguard the right of all persons to seek, obtain and hold employment without discrimination or abridgement on account of race, religion, color, national origin, age, sex or handicap by employers who regularly employ fifteen (15) or more employees.

30. The North Carolina Persons with Disabilities Protection Act, N.C. Gen. § 168A-5, establishes that it is a discriminatory practice for an employer to discharge a qualified person with a disability, which includes a person who is regarding as a having a physical or mental impairment which substantially limits one or more major life activities, on the basis of a disabling condition.

31. Defendant NCSU and Defendant the University of North Carolina are employers in the State of North Carolina who regularly employs in excess of fifteen (15) employees.

6

32. The actions of Defendants in discharging Plaintiff on the basis of his perceived disability constitutes an act in violation of the public policy of the State of North Carolina.

33. Plaintiff is entitled to recover an amount in excess of Ten Thousand Dollars ($10,000.00) in compensatory damages because of Defendants' discharge of Plaintiff in violation of the public policy of the State of North Carolina.

34. The actions of Defendants, in discharging Plaintiff because of his perceived disability was with reckless indifference to the protected rights of the Plaintiff and by reason thereof Plaintiff is entitled to recover punitive damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays to this Court for the following relief:

1. Award to the Plaintiff compensatory damages against the Defendants for disability discrimination in violation of the Americans with Disabilities Act in an amount in excess of Ten Thousand Dollars ($10,000.00).

2. Award to the Plaintiff punitive damages for the malice and reckless indifference of Defendants by discriminating against Plaintiff on the basis of his perceived disability, in an amount in excess of Ten Thousand Dollars ($10,000.00).

3. Award to the Plaintiff compensatory damages against Defendants for retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended in an amount in excess of Ten Thousand Dollars ($10,000.00).

4. Award to the Plaintiff punitive damages for the malice and reckless indifference of Defendants by retaliating against Plaintiff in an amount in excess of Ten Thousand Dollars ($10,000.00).

5. Award to the Plaintiff compensatory damages against Defendants, for the wrongful discharge of his employment in violation of the public policy of the State of North Carolina in an amount in excess of Ten Thousand Dollars ($10,000.00).

6. Award to the Plaintiff punitive damages for the reckless indifference of Defendants for wrongfully discharging Plaintiff in an amount in excess of Ten Thousand Dollars ($10,000.00).

7. Grant to the Plaintiff the costs of this action and reasonable attorney's fees.

8. Award to the Plaintiff back pay, including interest to date on such back pay and front pay in an amount greater than Ten Thousand Dollars ($10,000.00).

9. Grant to the Plaintiff trial by jury on all issues of fact.

10. Grant to the Plaintiff such other and further relief as the Court deems just and proper.

This the 30th day of May, 2002.

BROWNE, FLEBOTTE, WILSON & HORN, P.L.L.C.

*Joy Rhyne Webb*

Joy Rhyne Webb
N.C. State Bar No. 22286
Attorneys for Plaintiff
Post Office Box 2247
Durham, North Carolina 27702
Telephone: (919) 688-7393
Facsimile: (919) 683-6323

8

STATE OF NORTH CAROLINA

COUNTY OF WAKE

## VERIFICATION

**Andrew W. Gholson**, being duly sworn, deposes and says:

That the contents of the foregoing Complaint are true to the best of his own knowledge, except as to those matters stated on information and belief, and as to those matters he believes them to be true.

This the 30th day of May, 2002.

_Andrew W. Gholson_
Andrew W. Gholson

Sworn to and subscribed before me
this the 30 day of May, 2002.

_Joy M. Courson_
Notary Public

My Commission Expires: 7/5/03

[Notary Seal: JOY M. COURSON, NOTARY PUBLIC, PERSON COUNTY, N.C.]

STATE OF NORTH CAROLINA    IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF WAKE    FILE NO.: 02 CVS 7125

FILED

ANDREW W. GHOLSON,    )
    )
  Plaintiff,    )
    )
v.    )  AFFIDAVIT OF SERVICE
    )
NORTH CAROLINA STATE UNIVERSITY  )
and THE UNIVERSITY OF NORTH    )
CAROLINA,    )
  Defendants.    )

I, the undersigned, do hereby certify that a copy of the foregoing complaint and summons was duly served upon the Defendant according to Rule 4 of the North Carolina Rules of Civil Procedure. The summons and complaint addressed to The University of North Carolina, c/o Leslie J. Winner, Process Agent, Vice President and General Counsel, Office of the President, was served by Certified Mail, return receipt requested on or about June 11, 2002, and the receipt is attached hereto and incorporated by reference.

This the 12th day of June, 2002.

BROWNE, FLEBOTTE, WILSON & HORN, PLLC

Joy Rhyne Webb
Joy Rhyne Webb
N.C. Bar# 22286
Attorneys for Plaintiff
300 West Morgan Street, Suite 1200
Post Office Box 2247
Durham, North Carolina 27702
Phone: 919-688-7393
Facsimile: 919-683-6323

Sworn to and subscribed before me
this the 12 day of June, 2002
_____
Notary Public
My commission expires: 7/5/03

[Notary Seal: JOY M. COURSON, NOTARY PUBLIC, PERSON COUNTY, N.C.]

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The University of North Carolina
c/o Leslie J. Winner, Process Agent
Vice President and General Counsel
Office of the President
Post Office Box 2688
Chapel Hill, North Carolina 27515-2688

2. Article Number (Copy from service label)
7000 1670 0000 1034 2724

PS Form 3811, July 1999        Domestic Return Receipt        102595-00-M-0952

## COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly): John Neville
B. Date of Delivery: 6-11-02
C. Signature
   X _John Neville_  ☐ Agent  ☒ Addressee

D. Is delivery address different from item 1? ☐ Yes ☐ No
   If YES, enter delivery address below:

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes